**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RONALD M. JANUS,

Plaintiff

v.

SILVERTON CASINO, LLC,

Defendant

Case No.: 2:24-cv-01940-APG-MDC

**Order Granting Defendant's Motion for Summary Judgment**

[**ECF No. 34**]

Plaintiff Ronald Janus worked in the security department for defendant Silverton Casino, LLC until Silverton fired him in 2023. Janus believes he was fired either because he filed internal complaints about racial discrimination and sexual harassment or because he filed a worker's compensation claim. So he filed this lawsuit asserting claims for (1) Title VII retaliation for objecting to employment discrimination, (2) retaliation under Nevada state law for objecting to employment discrimination, and (3) Nevada state law tortious discharge based on termination for filing a worker's compensation claim. ECF No. 1-1 at 14-16.[1]

Silverton seeks summary judgment on all claims, arguing that the undisputed facts show there is no causal connection between Janus' protected activity and his termination. Silverton instead asserts that it terminated Janus because he brought a firearm to Silverton's property and retaliated against another Silverton employee who had filed a complaint against him.

Janus responds that he was terminated in retaliation for engaging in protected activity. He relies on the temporal proximity between his protected activities and his termination as proof

[1] Janus originally brought three additional claims, but I granted stipulations dismissing them. *See* ECF Nos. 31; 33.

of Silverton's retaliatory motive. Janus also argues that Silverton's stated reasons for terminating him are inaccurate and merely a pretext for its true retaliatory motive.

I grant Silverton's motion regarding Janus' first two claims because Janus has failed to raise a genuine dispute of material fact as to whether Silverton's stated reasons for terminating him were pretextual. I also grant Silverton's motion regarding Janus' third claim because no reasonable jury could conclude that Janus filing a worker's compensation claim was the sole proximate cause for his termination.

## I. Background

Janus began working at Silverton in June 2022. ECF No. 38 at 321. He filed an internal complaint regarding racial discrimination on March 17, 2023, and another regarding sexual harassment on March 20, 2023. *Id.* at 322. He was later injured while working on May 3, 2023. *Id.* at 101, 213, 323. The next day, he filed a worker's compensation claim, and he was subsequently placed on a light-duty, sedentary assignment to accommodate his injuries. *Id.* at 102-05, 286, 288, 328-29.

On May 12th, 2023, another Silverton employee, Karen Bautista, informed Silverton that Janus had made her "very uncomfortable and uneasy" by staring at her earlier in the week. ECF No. 34-1 at 59. No formal disciplinary action followed, but Silverton met with Janus to discuss the report and reissue its harassment policy. ECF No. 38 at 135. On May 22, 2023, another employee reported Janus for displaying a firearm while in an employee parking lot. ECF No. 34-1 at 74-75.[2] Silverton claims this violated its employee manual, which states that "[u]nder no

---

[2] Janus disputes whether this incident occurred on May 22nd but does not dispute that it was reported to Silverton on that day. *See* ECF Nos. 38 at 324; 37 at 20.

circumstances may you bring firearms, ammunition or any type of other weapons to the workplace." ECF No. 38 at 239.

Three days later, on May 25, 2023, Janus reported Bautista for violating Silverton policy by exiting the property without having her bag checked. ECF Nos. 34-1 at 69, 71; 38 at 325-26. Silverton claims Janus made this report in retaliation for Bautista's complaint against Janus two weeks before and that this retaliation was a violation of its harassment policy which states "victims of sexual harassment shall not be retaliated against in any way for making a complaint or cooperating in an investigation." ECF No. 38 at 127-30, 246. Particularly, Silverton claims that Janus "singled out" Bautista by only reporting her and not other employees who committed the same infraction. ECF No. 34-1 at 87-88. Citing the firearm incident and his allegedly retaliatory report of Bautista, Silverton suspended Janus pending investigation on May 31, 2023 and terminated him on June 5, 2023. ECF Nos. 38 at 226; 34-1 at 83, 87-88.

## II. Analysis

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th

Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and draw reasonable inferences in the light most favorable to the nonmoving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

**A. Janus has failed to establish a genuine dispute of material fact for his retaliation claims.**

Silverton asserts that it terminated Janus because he violated the employee manual by bringing a firearm to an employee parking lot and by retaliating against Bautista for filing a complaint about him. Janus responds that Silverton instead fired him in retaliation for him filing internal complaints about racial discrimination and sexual harassment. He argues that the temporal proximity between his complaints and his termination establish the causal link needed to make out his prima facie case and that Silverton's stated reasons for terminating him are inaccurate and a pretext for unlawful retaliation, again relying on temporal proximity.

Title VII prohibits employers from discriminating against employees in retaliation for opposing "any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). The legal analysis of a Title VII claim also applies to a retaliation claim under Nevada Revised Statutes (NRS) § 613.340. *McIntosh v. City of N. Las Vegas*, No. 2:21-cv-01505-APG-EJY, 2023 WL 4868404, at *7 (D. Nev. July 28, 2023); *Apececheche v. White Pine Cnty.*, 615 P.2d 975, 977-78 (Nev. 1980).

The *McDonnell Douglas*[3] burden-shifting framework applies to retaliation claims. *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1124 (9th Cir. 2004). To establish a prima facie case of retaliation, Janus must show that "(1) [he] engaged in a protected activity; (2) [he]

[3] 411 U.S. 792 (1973).

suffered an adverse employment action; and (3) there was a causal connection between the two." *Lui v. DeJoy*, 129 F.4th 770, 782 (9th Cir. 2025) (quotation omitted). Under this framework, "the requisite degree of proof necessary to establish a prima facie case on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence." *Opara v. Yellen*, 57 F.4th 709, 722 (9th Cir. 2023) (simplified).

If Janus makes a prima facie showing, the burden shifts to Silverton to "articulate a legitimate, non-retaliatory reason for the challenged action." *MacIntyre v. Carroll Coll.*, 48 F.4th 950, 954 (9th Cir. 2022) (quotation omitted). If Silverton does so, Janus must "show that the reason is pretextual either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.* (quotation omitted). I need not decide whether Janus has stated a prima facie case if a reasonable jury could not find that Silverton fired him for pretextual reasons. *See Curley v. City of North Las Vegas*, 772 F.3d 629, 633 (9th Cir. 2014).

Janus claims Silverton violated Title VII and NRS § 613.340 by retaliating against him. Both parties acknowledge that Janus engaged in protected activity by filing internal complaints and suffered an adverse employment action by his termination. ECF Nos. 37 at 14; 39 at 4. So the dispositive issue here is whether there is a genuine issue of material fact as to whether Silverton's stated reasons for terminating Janus were a pretext for unlawful retaliation.

"Temporal proximity can support both a *prima facie* case of retaliation and a showing of pretext." *Kama v. Mayorkas*, 107 F.4th 1054, 1059 (9th Cir. 2024). The "inquiry is fact-specific and depends on both the degree of proximity and what, if any, other evidence supports an inference of pretext." *Id.* at 1059-60. "Evidence of temporal proximity is less persuasive if it also supports a defendant's independent reason for an adverse action." *Id.* at 1060. Temporal

proximity evidence thus can "cut[] both ways—*i.e.*, an adverse action follow[ing] on the heels of *both* a protected activity and an independent reason for adverse action. . . might not be enough standing alone to establish pretext." *Id.* (emphasis in original).

Eighty days passed between Janus' first complaint on March 17, 2023 and his termination on June 5, 2023. *See* ECF No. 38 at 226, 322. During this window between the protected activity and the adverse employment action, Bautista complained about Janus, Silverton believed that Janus retaliated against her and counseled him, and Janus brought a gun to the property. The timing of these incidents "defeats any causal inference that might otherwise follow from the temporal proximity between [Janus'] protected activity and his termination." *Curly*, 772 F.3d at 634.

Janus argues that Silverton's reasons for terminating him were based on "ambiguous, ill-defined rules," that his reporting of Bautista was him "correctly using his judgment on when to enforce the inspection protocols," and that the firearm incident was "somewhat false, somewhat exaggerated, and [a] completely incorrect version of the facts." ECF No. 37 at 8, 16, 19. Janus does not raise a genuine dispute regarding pretext because he challenges whether Silverton was correct in its reasoning rather than whether Silverton earnestly believed it had a nonretaliatory basis to terminate him. *See Kama*, 107 F.4th at 1059 ("When assessing the validity of an employer's stated reason for its actions, the key is not whether the reason is objectively false or baseless but whether the employer honestly believed its reasons for its actions.") (quotation omitted). In both cited incidents, Silverton relied on the reports and findings of its employees in terminating Janus. *See* ECF No. 38 at 168, 294, 304-05. Janus argues particulars such as why he stopped Bautista and not others, that the firearm he kept was unloaded, whether he brandished it or merely showed it, and whether keeping it in his car in the employee parking lot violated

policy. *Id.* at 324-26.[4] But he does not dispute that he reported Bautista after she complained about him when he had not stopped others who also violated policy (even if he believes he has a good explanation for doing so) and that he brought a firearm to the Silverton property in violation of company policy. *See id.* at 110, 298-99. His disagreement with how Silverton should have addressed these issues does not raise a genuine dispute that Silverton "did not honestly believe its proffered reasons." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002). He also claims that the firearm incident occurred weeks before Silverton's asserted date of May 22, 2023, but he does not dispute that Silverton learned about it that day; likewise, he does not dispute that the incident occurred in the time between his complaints and his termination. ECF Nos. 38 at 324; 34-1 at 74-5. Additionally, Janus claims that a co-worker displayed a "weapons-grade knife on the casino floor" in January of 2023 in front of witnesses but was never disciplined. ECF Nos. 37 at 4, 21; 38 at 321-22. Silverton asserts that it did not discipline the other employee because "it was not substantiated that he had a weapon" after interviewing eyewitnesses and being unable to review surveillance footage because Janus reported this incident months after he claims it happened. ECF Nos. 39 at 11; 39-1 at 10-11. Janus does not dispute this. He also states that he observed other employees with "personal handguns in their private vehicles on company property" but does not provide any evidence nor allege that he informed Silverton about these occurrences. ECF No. 38 at 324. Even viewing the

[4] Janus claims that the then security safety training manager "admitted in her deposition that [he] never brought a firearm into the 'workplace.'" ECF No. 38 at 324. When asked whether Janus had brought a weapon into the workplace, the manager stated, "Not in the workplace. There - - not in our office. But there was a report by one of the security officers that he had a weapon in his vehicle when he went to the uniform room to pick up his uniforms." EFC No. 38 at 184-85. The manager subsequently testified that weapons are not permitted on the property, which included the parking structure. *Id.* at 195. This brief exchange is not enough to raise a genuine dispute whether Silverton believed its reasons for firing Janus given the reports and interviews that Silverton relied on in terminating him.

evidence in a light most favorable to Janus, no reasonable juror could find that Silverton was more likely motivated by a discriminatory reason. *MacIntyre*, 48 F.4th at 954. Accordingly, I grant Silverton's motion for summary judgment as to Janus' first and second claims.

**B. Janus has failed to raise a genuine dispute that his filing a worker's compensation claim was the sole proximate cause for his termination.**

Silverton argues that Janus has offered nothing to prove that it terminated him because he filed a worker's compensation claim. It reiterates that it terminated him for his alleged violation of the no weapons policy and his retaliatory conduct toward Bautista. Janus responds by arguing that these reasons are pretextual and, instead, Silverton terminated him in retaliation for filing a worker's compensation claim.

An employer may be liable for tortious discharge if it terminates an employee for reasons that violate public policy. *D'Angelo v. Gardner*, 819 P.2d 206, 212 (Nev. 1991). In the prototypical tortious discharge case, an employee claims to have been discharged as retaliation for filing a worker's compensation claim. *Id.* (citing *Hansen v. Harrah's*, 675 P.2d 394, 396-97 (Nev. 1984)). "[R]ecovery for retaliatory discharge under state law may not be had upon a 'mixed motives' theory; thus, a plaintiff must demonstrate that his protected conduct was *the* proximate cause of the injury." *Allum v. Valley Bank of Nev.*, 970 P.2d 1062, 1066 (Nev. 1998) (emphasis in original).

Janus argues that this issue should be adjudicated by the same standards as a Title VII claim, relying on *Gutierrez v. Spring Window Fashions Division Inc.*, 251 F. App'x. 464, 465 (9th Cir. 2007). He contends that he has established a prima facie case via temporal proximity as about one month passed between when he filed his worker's compensation claim on May 4, 2023 and his termination on June 5, 2023.

But Nevada law uses a different standard. Rather than a burden-shifting framework, Janus must present evidence that his protected activity was the "sole proximate cause of the termination." *Richard v. Carson Tahoe Reg'l Healthcare*, No. 3:12-cv-00423-MMD-WGC, 2014 WL 775259, at *4 (D. Nev. Feb. 25, 2014), *aff'd*, 635 F. App'x 371 (9th Cir. 2016) (citing *Allum*, 970 P.2d at 1066). As discussed earlier, Silverton presented two conduct violations as reasons for terminating Janus. Although the temporal proximity in this instance is stronger than his two other claims, so is the standard he must meet. No reasonable jury could find that Janus' worker's compensation claim was the sole proximate cause of his termination. Silverton approved his request for light duty and processed his worker's compensation claim, and Janus received worker's compensation benefits. ECF No. 38 at 225, 290.[5] In between the time he filed his claim and his termination, the Bautista and gun incidents took place. Thus, even viewing the facts in the light most favorable to him, his reliance on temporal proximity is insufficient to raise a genuine dispute that his filing a worker's compensation claim was the sole reason Silverton fired him.

## III. Conclusion

I THEREFORE ORDER that defendant Silverton Casino, LLC's motion for summary judgment **(ECF No. 34) is GRANTED.**

/ / / /

/ / / /

[5] Janus accurately notes that Silverton did not accept his claim for worker's compensation until a few days after Silverton terminated him, which was about a month after Janus submitted the claim. ECF Nos. 37 at 23; 38 at 284, 286, 290. He asserts that this happened because Silverton "initially fought" granting the claim. ECF No. 37 at 23. Janus presents no evidence that Silverton "fought" the claim or that the one-month delay between claim submission and acceptance was unusual, nor does he argue that the length of time raises an issue relevant to this part of the case.

I FURTHER ORDER the clerk of court to enter judgment in favor of defendant Silverton Casino, LLC and against plaintiff Ronald M. Janus, and to close this case.

DATED this 24th day of September, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE